Lior Katz, Esq. (State Bar No. 284559)
KATZ LAW, A PROFESSIONAL CORPORATION
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
T: (310) 444-9444
F: (310) 382-2110
Email: Lior@KatzLaw.com

Attorney for Creditor
Norman Guy Lucas and Karen J. Lucas, as Trustees
of the Lucas Profit Sharing Plan

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD GONZALEZ,<br><br>Debtor. | Case No.: 6:24-bk-15353-SY<br><br>Chapter 11<br><br>STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION RE: PROPERTY LOCATED AT 27668 LONGMEADOW COURT, MORENO VALLEY, CA 92555<br><br>Honorable Scott E. Yun |

TO THE HONORABLE SCOTT E. YUN, BANKRUPTCY JUDGE:

This Stipulation is entered into by and between Norman Guy Lucas and Karen J. Lucas, as Trustees of the Lucas Profit Sharing Plan ("Secured Creditor") through their counsel Lior Katz, Esq., and Richard Gonzalez, the above captioned Debtor and Debtor in Possession ("Debtor") by and through his counsel, Michael Totaro, Esq. (Secured Creditor and the Debtor will be collectively referred to as the "Parties"), with reference to the following:

/ / /

/ / /

# I. RECITALS

1. The Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 10, 2024 ("Petition Date").

2. Debtor owns the subject property generally described as 27668 Longmeadow Court, Moreno Valley, CA 92555, which serves as his home ("subject property"). Secured Creditor holds a Note (the "Note"), dated November 18, 2022, evidencing a $60,000.00 loan (the "Loan") from Secured Creditor to Debtor. To secure repayment of the Note, Debtor executed a Deed of Trust encumbering the subject property in *second* position, which was recorded on November 28, 2022 (the "Deed of Trust"). The Loan is set to mature on December 1, 2024. The Note, the Deed of Trust, and all other documents memorializing the Loan shall be referred to herein as the "Loan Documents."

3. On October 22, 2024, Secured Creditor filed a Proof of Claim (Claim #4) listing pre-petition arrears in the amount of $2,231.98 and a total claim of $62,231.98.

4. On September 19, 2024, Debtor filed a Chapter 11 Plan of Reorganization (docket entry #20).

5. The Parties have met and conferred and in order to avoid the uncertainties of litigation, the cost of litigation and to preserve judicial resources have agreed, subject to Bankruptcy Court approval to the following Stipulation.

6. Except as otherwise provided herein, the terms of this Stipulation shall be valid and binding upon Secured Creditor and its successors assignees, Debtor, all successors in interest to the Debtor, all creditors of Debtor, any statutory committee appointed in these cases and all other parties in interest from and after the Petition Date.

NOW, THEREFORE, Debtor and Secured Creditor hereby agree to the following treatment of Secured Creditor's claim:

## II. STIPULATION

a. The foregoing recitals are incorporated herein by reference.

b. The amount of Secured Creditor's claim will not be modified by way of the instant Chapter 11 case, and Secured Creditor is deemed an over-secured creditor. Secured Creditor shall have a secured claim in the amount of $66,574.65 through November 30, 2024 (the "Secured Claim") to be amortized over five (5) years at 7.00% per annum, commencing January 1, 2025 with the maturity date of December 31, 2029. The principal and interest monthly mortgage payments will be in the amount of $1,318.26 each. Debtor shall tender principal and interest payments in the sum of $1,318.26 commencing January 1, 2025, and on the first (1st) of each consecutive month thereafter, continuing until all such outstanding amounts under the Secured Claim are paid in full. Said monthly payments in the amount of $1,318.26, commencing January 1, 2025 shall be made payable and delivered directly to Creditor's servicer, FCI Lender Services, Inc., P.O. Box 27370, Anaheim Hills, CA 92809-0112.

c. The automatic stay with respect to the subject property and Secured Creditor will be terminated upon entry of the Order confirming Debtors' Chapter 11 Plan, without further Order or hearing being necessary.

d. Upon default of the Debtor of any of the provisions under this Stipulation Agreement, Secured Creditor will serve upon the Debtor and Debtor's attorney a ten (10) day written notice of the default. If the default of the Debtor is not cured within ten (10) days of the date that the Notice is given to Debtor, then on the eleventh (11th) day, Secured Creditor will be entitled for automatic relief from the automatic stay (should a stay be in effect at the time) without further notice or court order needed. Upon relief from stay, Secured Creditor will be

allowed to take any action permitted under non-bankruptcy law to enforce the terms of the Plan or its Note, including foreclosure.

    e. Neither the entry of an order approving this Stipulation nor the acceptance of the interest payments shall constitute, or be deemed to be, a waiver of any of Secured Creditor's rights or claims under the Loan Documents or applicable law, or a cure of any default by Debtor under the Loan Documents.

    f. Except as otherwise set forth herein, both Secured Creditor and Debtors reserve all rights that each may have with respect to the Collateral in this Chapter 11 proceeding. Secured Creditor expressly reserves all right to seek, and Debtors expressly reserves all rights to object to, relief from or modification of the automatic stay, appointment of a trustee, dismissal or conversion of the case, or any other remedies that it may have.

    g. The terms of this Stipulation may not be waived, modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation thereon, any subsequently filed Amended Chapter 11 Plan, and confirmation order thereon, without express written consent of Secured Creditor. The terms of this Stipulation shall be incorporated into Debtors' Chapter 11 Plan, and/or subsequently filed Chapter 11 Plan.

    h. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full amount due under the original Note, all terms and Secured Creditor's claim shall revert to the original terms of the Note and Deed of Trust, and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

    i. In the event the Debtor sells the subject property prior to confirming his Chapter 11 Plan, Secured Creditor shall be entitled to proceeds from the sale in the amount no less than the outstanding balance owing under the terms of the Note. If the proposed sale amount for the

property is less than the outstanding balance due and owing under the note, then Secured Creditor's written consent must be obtained before the property is sold. If the Debtor sells the subject property, Secured Creditor shall be entitled to credit bid at any such sale, and receive from such sale, an amount not less than the full unmodified amount that was due and owing on the subject loan prior to entering into the instant Stipulation.

j. Secured Creditor shall retain its lien for the full amount remaining due under the Note, and may accelerate the loan pursuant to the terms of the Note that mature on December 1, 2024 in the event Debtor fails to confirm and complete the Chapter 11 Plan.

k. Upon entry of an order approving this Stipulation, the provisions hereof shall be immediately binding upon and inure to the benefit of Secured Creditor, Debtor and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case or in any superseding Chapter 7 case as a legal representative of Debtor or Debtor's estate. This Stipulation will remain in full force and effect notwithstanding the closure of this bankruptcy case after confirmation of the chapter 11 Plan, or the entry of a Final Decree in this case.

l. This Stipulation shall terminate should this case be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code, and the loan will revert to its original terms as if this Stipulation never existed.

m. Upon entry of an order approving this Stipulation, Secured Creditor will vote in favor of Debtor's Chapter 11 Plan and will support confirmation of the Chapter 11 Plan. If permitted this stipulation may be used as a ballot in support of confirming the plan.

n. No rights are intended to be created hereunder for the benefit of any third party or creditor or any direct or indirect incidental beneficiary except as specifically provided herein.

      o. All notices required to or permitted to be given to Debtor under this Stipulation shall be addressed as follows:

Richard Gonzalez
27668 Longmeadow Circle
Moreno Valley, CA 92555

And

Michael R. Totaro
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272

      All notices required to or permitted to be given to Secured Creditor under this Stipulation shall be addressed as follows:

Lucas Profit Sharing Plan
c/o Norman Lucas
26124 Marina Drive, Rolling Hills Estates, CA 90274
*Also via email to Lucas@TheLucasTeam.com*

and

Lior Katz, Esq.
Katz Law, APC
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
*Also via email to lior@katzlaw.com*

      The above addresses may be changed effective upon receipt of a new address. Any notice required herein or permitted to be given shall be in writing and be personally served or sent by facsimile (upon confirmation of receipt), email and United States mail and shall be deemed given when sent or, if mailed, when deposited in the United States mail so long as it is properly addressed. All notices and reports required hereunder shall also be sent to counsel for any official committee.

      p. Except as expressly provided in this Stipulation, the Debtor waives any and all

claims, causes of action (whether known or unknown), that she has against Secured Creditor, and its agents, predecessors, and assigns, in relation to the subject loan being modified by this Stipulation, and any and all agreements which exist between them regarding or relating to the subject loan prior to entering into the instant Stipulation. This waiver includes Debtor's right to object to Secured Creditor's claim. The Debtor also releases Secured Creditor, its agents, attorneys, predecessors, and assigns, from any liability in relation to the subject prior to the date of this Stipulation.

 q. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

 r. Except as otherwise expressly provided in this Stipulation, the terms and conditions of the Loan Documents shall remain in full force and effect and Secured Creditor shall have all of its rights and remedies thereunder, subject to the provisions of Bankruptcy Code and any orders of this Court.

 s. This Stipulation, containing eight (8) pages may be executed in original or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

**SIGNATURE PAGE TO FOLLOW**

**SIGNATURE PAGE**

**Secured Creditor:**

Dated: November 15th, 2024

By: Norman Lucas, as Trustee
of the Lucas Profit Sharing Plan

**Debtor:**

Dated: November 24, 2024

Richard Gonzalez

**Approved as to Form Only:**

Dated: November 25, 2024

Lior Katz, Esq.
Attorney for Secured Creditor

Dated: November 24, 2024

Michael R. Totaro, Esq.
Attorney for Debtor